IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VERNON CLEMONS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 22-00246-JB-MU |
| | ) |
| **BP EXPLORATION & PRODUCTION, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on the Motion for Summary Judgment filed by Defendants, BP Exploration & Production Inc. and BP America Production Company ("BP"). (Doc. 44). The Motion has been fully briefed (Docs. 45, 52, 57, and 58) and is ripe for resolution. Upon careful consideration, and for the reasons stated below, the Court concludes the Motion is due to be GRANTED.

**I.   Background:**

This is a Back-End Litigation Option ("BELO") action arising out of the April 2010 BP Deepwater Horizon oil spill ("Oil Spill"). Plaintiff's Complaint (Doc. 1) seeks recovery for Later Manifested Physical Conditions ("LMPC"), under the Medical Benefits Class Action Settlement Agreement ("MSA") approved by the United States District Court for the Eastern District of Louisiana.[1] (Doc. 46-1). Plaintiff alleges he was diagnosed with LMPCs as a result of clean-up work he performed during the Oil Spill response.

---

[1] *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2:10-md-02179-CJB-SS (Doc. 8217) (E.D. La. Jan. 11, 2013).

On June 24, 2022, this Court entered a BELO Case Management Order ("CMO"). (Doc. 14). Under the CMO, Plaintiff was required to make expert disclosures by January 20, 2023. On Plaintiff's Motion, the Court extended the deadline to April 20, 2023. (Doc. 33). Plaintiff failed to make expert disclosure by the extended deadline. After expiration of deadline, Plaintiff moved for another extension. (Doc. 50). The Court denied Plaintiff's motion based on Plaintiff's failure to show "good cause and diligence." (*Id.*).

Plaintiff never made expert disclosures.

II.     **Summary Judgement Standard:**

Rule 56 of the Federal Rules of Civil procedure states the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The "substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court does not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Rather, the Court "determine[s] whether there is a genuine issue for trial." *Id. at 250.*

The movant bears the initial burden of proof to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant may support an assertion that a fact cannot be disputed by showing the "adverse party cannot produce admissible evidence to support the fact." Rule 56(C)(1).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (*per curiam*) (quoting

*Celotex*, 477 U.S. at 324). "[T]here is no genuine issue for trial where 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]'" *Davis v. Stewart*, 2023 U.S. Dist. LEXIS 51315, *22 (S.D. Ala. March 27, 2023) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In analyzing a motion for summary judgment, the Court views the facts in the light most favorable to the non-movant. *See Davis*, 2023 U.S. Dist. LEXIS 51315, at *23 (citing *Comer v. City of Palm Bay, Fla.*, 265 F.3d 1186, 1192 (11th Cir. 2001) (*per curiam*) ("We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.")).

## III.     Analysis:

Under the MSA, Plaintiff is required to prove legal causation. (*See* MSA (Doc. 46-1) (permitting litigation of whether a plaintiff's LMPC "was legally caused by his or her exposure to oil[.]"). BP moves for summary judgment based on Plaintiff's inability to offer expert opinion to establish causation. (Doc. 45). Without supporting expert opinion, BP argues Plaintiff "cannot establish causation with respect to any of his alleged physical injuries as a result of exposure to oil or chemical dispersants during" his clean-up work following the Oil Spill. (*Id.*). BP cites cases from this District and others in which "courts have granted summary judgment in [its] favor when a BELO plaintiff has not disclosed expert witnesses to support his or her claims." (*Id.*).

This is a toxic exposure tort case. As such, Plaintiff must produce competent evidence of general and specific causation.[2] *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005). "This type of proof requires expert testimony[.]" *McClain*, 401 F.3d at 1237. Indeed, "'[t]oxic tort cases . . . are won or lost on the strength of the scientific evidence presented to prove causation.'" *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1297 (11th Cir. 2005) (quoting *Rider v. Sandoz Pharmaceuticals Corp.*, 295 F.3d 1194, 1197 (11th Cir. 2002)).

In *McClain*, the Eleventh Circuit articulated four criteria that must be established through expert testimony to prove causation between chemical exposure and a plaintiff's claimed illness or disease: (1) "the toxic substance in question must have been demonstrated to cause the type of illness or disease in question," which "focuses on the issue of general causation;" (2) "the individual must have been exposed to a sufficient amount of the substance in question to elicit the health effect in question," which "focuses on the issue of individual causation;" (3) "the chronological relationship between exposure and effect must be biologically plausible," which "also focuses on individual causation;" and (4) "the likelihood that the chemical caused the disease or illness in an individual should be considered in the context of other known causes;" which "refers to the background risk of a specific disease -- the risk that everyone faces of suffering the same malady that a plaintiff claims without having exposure to the same toxin." *Id.* at 1242 - 1243.

---

[2] "General causation" concerns "whether an agent increases the incidence of disease in a group and not whether the agent caused any given individual's disease." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005) (quoting Michael D. Green et al., Reference Guide on Epidemiology, in REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 392 (Federal Judicial Center, 2d ed. 2000)). "Specific causation" concerns whether the particular plaintiff was "exposed to the toxin, … exposed to enough of the toxin to cause the alleged injury, and [whether] the toxin in fact cause[d] the injury." *McClain*, 401 F.3d at 1239.

Plaintiff does not dispute the legal standards for proving causation expressed in BP's Motion for Summary Judgment. Neither does Plaintiff attempt to distinguish the cases upon which BP relies. To the contrary, Plaintiff acknowledges he "must provide competent expert testimony on the issue of causation" and that he has not made expert disclosures. (Doc. 52). He argues, however, that BP's Motion for Summary Judgment should be denied pursuant to Rule 56(d). (*Id.*). Plaintiff contends he was unable to make expert disclosures as required, "due to [BP's] dilatory discovery tactics; most notably, [BP's] failure to meet their obligations to timely review and produce to BELO plaintiffs the documents that plaintiffs have subpoenaed from BP's incentivized third-party contractors." (*Id.*). Plaintiff notes the Court, in granting the first extension of the expert disclosure deadline (Doc. 33), found he had demonstrated good cause and due diligence in pursuing discovery of admissible evidence that was necessary to prove causation. (Doc. 52). He argues that "nothing has changed" since that order. (*Id.*).

Plaintiff is mistaken. Things have changed. After Plaintiff filed his opposition to summary judgment, the Magistrate Judge denied Plaintiff's renewed motion for an additional extension of his expert disclosure deadline. (Doc. 55). The Magistrate Judge's Order denying Plaintiff's renewed motion undermines Plaintiff's opposition to summary judgment. In his renewed motion for another extension, Plaintiff made essentially the same arguments he makes here, including "nothing has changed" since the first extension. The Magistrate Judge disagreed, finding:

> The record shows that two things have substantially changed since the entering of the February order [which granted Plaintiff's first motion for extension of his expert disclosure deadline]. First, Plaintiff has received tens of thousands of documents from third parties in response to non-party subpoenas. Second, his April 20, 2023 expert disclosure deadline has passed. In fact, the deadline passed three weeks before Plaintiff sought this [second] extension on May 12, 2023. The requested deadline extension, which requires a second modification to the CMO, was filed after the expiration of Plaintiff's expert disclosure deadline.

5

(Doc. 55).  The Magistrate Judge concluded:

> Based on the reasoning set forth in BP's response, the Court finds that Plaintiff has not made the requisite showing of good cause and diligence. Specifically, Plaintiff's failure to seek this extension prior to the expiration of the CMO's April 20, 2023 deadline can only be seen as a lack of diligence. For this reason and others discussed by BP in their response, the Court concludes that Plaintiff has failed to show good cause to extend the CMO deadlines in this case. Accordingly, Plaintiff's motion is hereby **DENIED**.

(*Id.* (emphasis in original)).  Plaintiff did not appeal the Magistrate Judge's order.

For the reasons stated in the Magistrate Judge's order (Doc. 55), and upon due consideration of all relevant materials in the record, the Court concludes Plaintiff's request to deny BP's Motion for Summary pursuant to Rule 56(d) is due to be denied.

Plaintiff has not produced, and now cannot produce competent evidence of either general or specific causation to support his toxic exposure tort claim.  As such, there is no genuine issue of material fact and BP is entitled to judgment as a matter of law.

## CONCLUSION

BP's Motion for Summary Judgment (Doc. 44) is **GRANTED**.

**DONE and ORDERED** this 30th day of January, 2024.

/s/ JEFFREY U. BEAVERSTOCK  
CHIEF UNITED STATES DISTRICT JUDGE
